IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH L. K.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | Case No. 3:19-cv-2895-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kenneth L. K.[1] filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges that he is disabled due to three crushed discs and a lumbar spine injury. Pl.'s Br. 1 (ECF No. 19); Administrative Record (A.R.) 89-90 (ECF No.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

16-1). After his application for supplemental security income was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). That hearing took place in Dallas, Texas, on November 5, 2018. A.R. 22. At the time of the hearing, Plaintiff was 52 years old. *See id.* 32. He has a high school education, can communicate in English, and has past work experience as a fast-food cook and certified nursing assistant. *Id.* 32, 70. He also worked as a clothing sorter in prison. *Id.* 67.

The ALJ found that Plaintiff was not disabled and, therefore, not entitled to supplemental security income. *Id.* 34. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff has not engaged in substantial gainful activity since January 23, 2017. *Id.* 24. At steps two and three, the ALJ found that Plaintiff had the severe impairments of a spine disorder and a schizoaffective disorder, but that his impairments, or combination of impairments, did not meet or equal the

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin,* 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland,* 771 F.3d at 923 (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen,* 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler,* 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

severity of any listed impairment in the social security regulations. *Id.* 24-26. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work and determined that he could not perform his past work. *Id.* 28-32. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as a price tagger, laundry-press operator, and office cleaner—jobs that exist in significant numbers in the national economy. *Id.* 33.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. *Id.* 6. Plaintiff then filed this action in federal district court and contends the ALJ erred in finding him not disabled, specifically arguing that the ALJ's "RFC determination is not supported by substantial evidence because [s]he failed to weigh the opinion evidence in accordance with the regulations, crafting an RFC without guidance from a healthcare professional." Pl.'s Br. 8.

**Legal Standards**

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

3

U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 (quoting *Perez*, 415 F.3d at 461) ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'"). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole ex rel. Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because she failed to "adequately weigh and consider the opinion evidence in accordance with the regulations" by: "i) writing off Dr. Pestinger's manipulative limitations without due consideration, ii) failing to adequately consider Dr. Okumbor's opinion in accordance with the regulations, and iii) crafting an RFC without adequate guidance from a healthcare professional." Pl.'s Br. 9. After reviewing the hearing decision and the administrative record, the Court finds the ALJ's RFC determination is supported by substantial evidence and addresses Plaintiff's arguments in the order he presents them.

4

i.

Plaintiff first argues the RFC is not supported by substantial evidence because the ALJ found Dr. William Pestinger, D.C.'s opinion "inconsistent with the mild treatment for the claimant's spine disorder and . . . the claimant's own statements." Pl.'s Br. 11 (citing A.R. 31). Specifically, Plaintiff contends the ALJ "wr[ote] off Dr. Pestinger's manipulative limitations without due consideration of the evidence supporting . . . [his] opinion[ ]," and that "if limited as Dr. Pestinger opined, Plaintiff would have been found disabled." *Id.* 12. Defendant responds that "Plaintiff's own testimony provided adequate evidence to discount Chiropractor Pestinger's opinion of Plaintiff's alleged manipulative limitations." Def.'s Br. 10 (ECF No. 20). The Court agrees.

"The ALJ is responsible for evaluating a claimant's residual functional capacity by reviewing all of the medical findings and other evidence." *Young v. Berryhill*, 689 F. App'x 819, 821 (5th Cir. 2017) (per curiam) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990)). And to guide the ALJ in making that determination, "federal regulations create a broad framework . . . classify[ing] evidence from medical sources into two categories: 'acceptable medical sources' and 'other sources.'" *Id.* (citing 20 C.F.R. § 416.913(a), (d)). Notably, only acceptable medical sources can give medical opinions. *Thibodeaux v. Astrue,* 324 F. App'x 440, 445 (5th Cir. 2009) (per curiam) (citing SSR 06-03p, 71 Fed. Reg. 45,593 (Aug. 9, 2006); *Frantz v. Astrue,* 509 F.3d 1299, 1301 (10th Cir. 2007); *Sloan v. Astrue,* 499 F.3d 883, 888 (8th Cir. 2007); *Cruse v. Comm'r of Soc. Sec.,*

5

502 F.3d 532, 541 (6th Cir. 2007); *Lacroix v. Barnhart,* 465 F.3d 881, 885-86 (8th Cir. 2006)). Per the Social Security Administration, "acceptable medical sources" include: licensed physicians, psychologists, optometrists, podiatrists, and qualified speech pathologists. SSR 06-03p, 71 Fed. Reg. 45,593; *see also Porter v. Barnhart*, 200 F. App'x 317, 319 (5th Cir. 2006) (per curiam) (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)). Other medical professionals, such as nurse practitioners, physician assistants, chiropractors, and therapists are not "acceptable medical sources"— they are "other sources." SSR 06-03p, 71 Fed. Reg. 45,593; *see Young*, 689 F. App'x at 821 (citing 20 C.F.R. § 416.913(d)(1) (2013)).

Other sources' opinions "cannot establish the existence of a medically determinable impairment," but they "may provide insight into the severity of the impairment[ ] and how it affects the individual's ability to function." SSR 06-03p, 71 Fed. Reg. 45,593; *Young*, 689 F. App'x at 821 (citations omitted). While "the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and . . . have seen the claimant in their professional capacity, . . . there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination of decision." SSR 06-03p, 71 Fed. Reg. 45,593; *see Young*, 689 F. App'x at 822 ("Although an ALJ may assign little weight to an 'acceptable medical source' only upon a showing of good cause, we have not imposed a good cause requirement to discount medical opinions from 'other sources.'"). Generally, the ALJ "should explain the weight given to opinions from . . . 'other sources,' or otherwise ensure

6

that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 71 Fed. Reg. 45,593.

      Here, in making her RFC determination, the ALJ considered Dr. Pestinger's opinion and found it "inconsistent with the mild treatment for the claimant's spine disorder" and "the claimant's own statements." A.R. 31. In particular, the ALJ found Plaintiff's statement "that his hands do not cause him much of a problem" contradicted Dr. Pestinger's opinion that Plaintiff could only use his hands to grasp, turn, and twist objects for 15% of an eight-hour work day and perform fine manipulation with his fingers for 25% of an eight-hour work day. *Id.* 31, 676. As a chiropractor, Dr. Pestinger is not an acceptable medical source. Thus, the ALJ was not required to rely on his opinion at all in making her RFC finding. *Porter*, 200 F. App'x at 319 (per curiam) ("At the outset, the ALJ was not required to rely on the chiropractor's evaluation in making the RFC finding because a chiropractor is not an acceptable medical source."); *see also Young*, 689 F. App'x at 822 (finding that because a chiropractor is not an acceptable medical source, the ALJ was not required to "determine whether there was good cause to assign [his] opinion little weight"); *Lanedra M. v. Berryhill*, 2019 WL 571858, at *4 (N.D. Tex. Jan. 18, 2019) (citation omitted) ("Moreover, [a physical therapist], 'not being an acceptable medical source, cannot render a medical opinion relevant to a Social Security disability appeal.'"), *adopted by* 2019 WL 570876 (N.D. Tex. Feb. 12, 2019);

*Matthews v. Colvin*, 2016 WL 8710706, at *4 (N.D. Tex. Feb. 5, 2016) (citation omitted) (finding that the ALJ was not required to "afford any weight" to the chiropractor's opinion, as he was not an acceptable medical source), *adopted by* 2016 WL 1054599 (N.D. Tex. Mar. 17, 2016); *Robinson v. Colvin*, 2016 WL 446620, at *4 (N.D. Tex. Jan. 6, 2016) (citation omitted) ("[D]espite [the plaintiff's] claims the ALJ was not required to afford any weight to [the chiropractor's] assessment."), *adopted by* 2016 WL 427484 (N.D. Tex. Feb. 4, 2016). Nonetheless, the ALJ considered Dr. Pestinger's opinion and provided a reason for discounting it along with an example of his opinion's inconsistency with other evidence in the record. "Determining a claimant's residual functioning capacity is the ALJ's responsibility, and [s]he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam) (citing *Ripley,* 67 F.3d at 557; *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001) (per curiam)). The Court may not reweigh the evidence. *Martinez*, 64 F.3d at 174 (citation omitted). Accordingly, the ALJ's treatment of Dr. Pestinger's opinion did not result in an erroneous RFC.

ii.

Plaintiff further contends that the RFC is not supported by substantial evidence because the ALJ "failed to adequately consider Dr. Okumbor's opinion in accordance with the regulations, resulting in conclusions . . . unsupported by substantial evidence." Pl.'s Br. 14. Specifically, Plaintiff argues that the ALJ erred

8

by giving Dr. David Okumbor, M.D.'s opinion "some weight," since she also gave the State Agency medical consultants' opinions "some weight," which resulted in a situation "not meaningfully different from [one] in which the ALJ rejects all opinion evidence in favor of [her] own reading of the evidence." Pl.'s Br. 12-13. Defendant responds that "the ALJ's reasoning for discounting Dr. Okumbor's opinion was proper." Def.'s Br. 9. The Court agrees.

"[O]pinions from examining physicians must be considered," and "20 C.F.R. § 404.1527(c)(1)[3] states that, '[g]enerally . . . more weight [is given] to the opinion of a source who has examined you than to the opinion of a source who has not examined you.'" *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) (citations omitted). "[F]undamentally, '[t]he ALJ cannot reject a medical opinion without an explanation.'" *Id.* (citations omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018). But the ALJ bears the "sole responsibility for determining the claimant's disability status," *Thibodeaux*, 324 F. App'x at 443 (citing *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000)), and, therefore, is "entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Greenspan*, 38 F.3d at 237 (quoting *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1985)) (citing 20 C.F.R. § 404.1527(c)(2)); *accord Hernandez v. Astrue*, 278 F. App'x 333, 338 (5th Cir. 2008) (per curiam) (citations

---

[3] 20 C.F.R. § 404.1527 provides instruction for evaluating opinion evidence for claims filed before March 27, 2017, like Plaintiff's claim filed on January 23, 2017. *See* A.R. 34.

9

omitted). Consequently, an ALJ may assign little or no weight to an "acceptable medical source" opinion only upon a showing of good cause. *Young*, 689 F. App'x at 822; *see also Kneeland*, 850 F.3d at 760-61 (citations omitted) ("Although the Commissioner is correct that 'when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony,' the cases the Commissioner cites do not rebut the general rule that rejecting a conflicting medical opinion nevertheless requires an explanation."). Good cause exists when the acceptable medical source opinion "is brief or conclusory, not supported by acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Young*, 689 F. App'x at 822 (citing *Greenspan*, 38 F.3d at 237). Thus, "with nontreating physicians' opinions, an ALJ is free to incorporate only those limitations that he finds 'consistent with the weight of the evidence as a whole.'" *Andrews v. Astrue*, 917 F. Supp. 2d 624, 642 (N.D. Tex. 2013) (quoting *Hernandez,* 278 F. App'x. at 338).

  Here, the ALJ considered Dr. Okumbor's opinion stating that "the claimant's ability to sit, stand, move about, lift, carry, and handle objects is limited by back pain." A.R. 30, 648. But the ALJ gave the opinion "some weight" because Dr. Okumbor, an examining physician, "was able to evaluate the claimant and is familiar with the Rules and Regulations of the Social Security Administration." *Id*. 30, 646. The ALJ could not give the opinion more weight, however, because it does "not specify limitations in terms of work-related activities." *Id*. 30. Indeed, Dr. Okumbor's opinion does not include any RFC assessment or prescribe specific

limitations—it only generally states Plaintiff's "[a]bility to sit, stand, move about, lift, carry, and handle objects is limited by back pain." *Id.* 646-48. Thus, good cause supports the ALJ's decision to give Dr. Okumbor's opinion "some weight." Accordingly, the Court finds the ALJ properly considered Dr. Okumbor's opinion and explained her reasoning for affording it "some weight." The ALJ's treatment of Dr. Okumbor's opinion did not result in an erroneous RFC.

### iii.

Last, Plaintiff argues the ALJ's physical and mental RFC assessments are unsupported by substantial evidence because she constructed them "without adequate guidance from a healthcare professional." Pl.'s Br. 9, 13, 15. Plaintiff contends the ALJ should have ordered a consultative exam with respect to Plaintiff's mental health, and by not doing so, she neglected her duty to fully and fairly develop the record. *Id.* 14-15. Defendant responds that "the record . . . contained sufficient evidence for the ALJ to evaluate Plaintiff's case." Def.'s Br. 9. The Court understands Plaintiff's argument that the ALJ's RFC assessments were not based on adequate guidance from a healthcare professional to be a challenge under *Ripley v. Chater*, 67 F.3d at 557-58, wherein the Fifth Circuit remanded Ripley's case because "the only evidence regarding Ripley's ability to work came from Ripley's own testimony." However, here, the Court finds the ALJ did not commit error under *Ripley* and that the RFC is supported by substantial evidence.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work,'" or RFC. *Fontenot v. Colvin*, 661 F.

11

App'x 274, 277 (5th Cir. 2016) (per curiam) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (Fitzwater, J.) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (per curiam)). "Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557 (citing 20 C.F.R. § 404.1513(b)(6) (1994)). "[W]here no medical statement has been provided, [the Court's] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*; *accord Gutierrez v. Barnhart*, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) (per curiam) (citation omitted). "If supported by substantial evidence, the Commissioner's findings are deemed conclusive, and the court must accept them." *Jones v. Astrue*, 851 F. Supp. 2d 1010, 1015 (N.D. Tex. 2012) (citing *Richardson,* 402 U.S. at 390). As noted, substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citation omitted). It is "more than a mere scintilla and less than a preponderance." *Garcia v. Berryhill*, 880 F.3d 700,

12

704 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

Here, the Court finds both the ALJ's physical and mental RFC findings are supported by substantial evidence. Concerning Plaintiff's physical RFC, the ALJ found Plaintiff can perform "light work as defined in 20 CFR 416.967(b) except lift no more than 25 pounds; stand and walk for 6 hours and sit for 6 hours of an 8-hour workday; frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch; and crawl," and that Plaintiff "will occasionally use a cane for balance when ambulating." A.R. 28-29.

In determining Plaintiff's physical RFC, the ALJ considered Plaintiff's testimony that he could "lift 25 pounds occasionally, sit for 20 to 25 minutes, and walk about one block before he needs to stop and rest for up to 30 minutes before . . . resum[ing] walking." *Id.* 29, 56, 255. The ALJ also considered state-agency consultants Dr. Tina Ward, M.D. and Kavitha Reddy, M.D.'s opinions that Plaintiff could "lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for about 6 hours and sit about 6 hours in an 8-hour workday; push and/or pull is unlimited, other than shown, for lift and/or carry; occasionally climb ladders, ropes, and scaffolds; and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl." *Id.* 30; 95-96; 107-109. The ALJ afforded Ward's and Reddy's opinions "some weight" because they are "consistent with the evidence available at the time," though "the evidence at the hearing indicate[d] that [Plaintiff] is more limited." *Id.* 30.

13

Additionally, the ALJ considered examining physician Dr. Okumbor's opinion that Plaintiff's "ability to sit, stand, move about, lift, carry, and handle objects is limited by back pain." *Id.* 30, 648. Dr. Okumbor also found Plaintiff's "range of motion of the upper and lower extremities was normal; motor strength was 5/5 in all extremities tested; he had good coordination and good motion of hands and fingers; [Plaintiff] had good grip strength; he was able to reach, handle, finger, and feel; and although he had a cane present for the examination, [Plaintiff] was able to ambulate effectively without assistive devices." *Id.* 29-30, 647. In fact, the ALJ noted that Plaintiff "is often described as having 5/5 muscle strength in the bilateral upper and lower extremities" and reported himself that "he does not have a problem with his hands." *Id.* 30, 59, 565, 570, 745, 766. Thus, because he "was able to evaluate [Plaintiff] and . . . is familiar with the Rules and Regulations of the Social Security Administration," the ALJ afforded Dr. Okumbor's opinion some weight. *Id.* 30. But, as mentioned, the ALJ could not give his opinion more weight because it did not "specify limitations in terms of work-related activities." *Id.*

In crafting Plaintiff's physical RFC, the ALJ also considered Plaintiff's testimony regarding his daily activities—specifically, that he has "no problem with personal care such as dressing, bathing, caring for hair, shaving, feeding himself, and using the toilet." *Id.* 31, 229, 251. He is also able to ride in a car, drive, go out alone, and he shops in stores once a month. *Id.* 31, 231, 253. She considered Plaintiff's hearing testimony that he has back and shoulder pain, which is

14

aggravated by bending, stooping, and climbing more than standing still, and that he uses a cane all the time and wears a back brace four or five times a week. *Id.* 31, 32, 57, 59, 65-66. Because "it is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence," *Hernandez,* 278 F. App'x at 336 (citing *Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir. 1999)), and "[a] finding of no substantial evidence is warranted only 'where there is a conspicuous absence of credible choices or no contrary medical evidence,'" *id.* (quoting *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir. 1988) (per curiam)), the Court finds substantial evidence supports the ALJ's physical RFC determination that Plaintiff can perform light exertional work with the listed exceptions, including the use of a cane when ambulating "despite the apparent lack of need for an assistive device." A.R. 30 .

Concerning Plaintiff's mental RFC, the ALJ found Plaintiff "able to understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for extended periods, occasionally interact with co-workers, supervisors, and the public, and respond to change in a routine work setting." *Id.* 29. In making her mental RFC determination, the ALJ considered Plaintiff's testimony that "[h]e can pay attention for 45 minutes at a time and does not finish what he starts"; that he "has a fair ability to follow spoken and written instructions and a fair ability to get along with authority figures"; but that he "cannot handle stress well" and experiences "auditory hallucinations." *Id.* 29, 62, 233-34, 255-56. The ALJ also considered the treatment notes from Metrocare Services, where Plaintiff "only recently started receiving mental health treatment."

15

*Id.* 30. These notes indicate that Plaintiff has a "cooperative behavior, appropriate psychomotor appearance, logical thought content, organized thought content, fair judgment and insight, and an intact recent and remote memory." *Id.* 30, 875-76. But they also indicate Plaintiff has "impaired concentration, [a] depressed mood, and [a] labile affect," which the RFC accommodates. *Id.* 30, 861, 875-77.

Additionally, the ALJ gave "some weight" to Dr. Matthew Snapp, Ph.D. and Margaret Meyer, M.D.'s opinions because "they are consistent with the evidence available at the time the opinions were made," though "in light of the evidence received at the hearing," the ALJ found Plaintiff to be more limited. *Id.* 30. Dr. Snapp stated "there was insufficient evidence to make a medical decision concerning [Plaintiff's] alleged psychological impairments." *Id.* 30, 94. And Dr. Meyer concluded "that the evidence of record does not reflect a degree of signs or symptoms that would significantly compromise the claimant's capacity for work-related activities." *Id.* 30, 106. Further, the ALJ considered that Plaintiff takes citalopram hydrobromide and quetiapine fumarate to manage his conditions without any reported side effects other than an inability to concentrate. *Id.* 32, 60, 235, 257, 276. After considering the medical evidence and the evidence received at the hearing, the ALJ found Plaintiff "to have severe psychological impairments that cause the limitations as detailed in . . . [her] RFC assessment." *Id.* 30. Accordingly, the Court finds the ALJ has appropriately considered and resolved conflicts in the evidence—substantial evidence supports her determination that Plaintiff is limited to "understand, remember, and carry out simple instructions, make simple

16

decisions, attend and concentrate for extended periods, occasionally interact with co-workers, supervisors, and the public and respond to change in a routine work setting." *Id.* 30.

Because the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports her decision, it does not consider whether Plaintiff would have been prejudiced as a result of any error.

## Recommendation

Because the ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should AFFIRM the hearing decision in all respects.

Signed November 2, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).